1

2

3

4

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

5

6

7   DEREK O.,

                              Plaintiff,

8          v.

9   COMMISSIONER OF SOCIAL
    SECURITY,

10                            Defendant.

Case No. 3:23-cv-05735-TLF

ORDER REVERSING AND
REMANDING DEFENDANT'S
DECISION TO DENY BENEFITS

11

12        Plaintiff filed this action pursuant to 42 U.S.C. § 405(g) for judicial review of

13   defendant's denial of plaintiff's application for Supplemental Security Income benefits

14   (SSI). Pursuant to 28 U.S.C. § 636(c), Fed. R. Civ. P. 73, and Local Rule MJR 13, the

15   parties have consented to have this matter heard by the undersigned Magistrate Judge.

16   Dkt. 3. Plaintiff challenges Commissioner's decision finding him not disabled. Dkt. 1,

17   Complaint.

18      A.   Background

19        Plaintiff filed his application for SSI on October 24, 2018, alleging an onset date

20   of March 1, 2018. AR 196–201. The ALJ held a hearing on his application in August

21   2020 (AR 31–68) and issued a decision finding plaintiff not disabled in September 2020

22   (AR 12–30); plaintiff appealed and the ALJ's decision was reversed and remanded by

23   this Court (AR 760–75). On remand, the ALJ held a new hearing on April 4, 2023. AR

24

25
                              1

688–751. The ALJ issued another decision finding plaintiff not disabled on April 28, 2023. AR 659–83.

In this decision, the ALJ found plaintiff had engaged in substantial gainful activity from July 9, 2021, through August 10, 2022, and therefore was ineligible for benefits during that period. AR 665. Plaintiff does not challenge this assessment. *See* Dkt. 7.

The ALJ turned to the question of whether plaintiff was disabled during the period between the onset date and July 9, 2021, and the period between August 11, 2022, and the date of the ALJ's decision. *See* AR 665. The ALJ found plaintiff had the following severe impairments during the two relevant periods: migraines and degenerative disc disease with neck and back pain. AR 665. The ALJ found plaintiff had the Residual Functional Capacity (RFC) during the relevant periods:

> to perform light work as defined in 20 CFR 416.967(b) except lifting and carrying twenty pounds occasionally and ten pounds frequently; sitting for six hours; standing for six hours; walking for six hours; and push/pull as much as can lift/carry. The claimant can frequently reach overhead bilaterally. He can climb ramps and stairs frequently; climb ladders, ropes, or scaffolds occasionally; and stoop, kneel, crouch, and crawl frequently. The claimant can work in dust, odors, fumes and pulmonary irritants, but must be able use a respirator as necessary. The claimant can work in noise, but must be able to use hearing protection without affecting the job. In outdoor environments with direct sunlight, he must be able to wear sunglasses as necessary.

AR 669. Based on hypotheticals the ALJ posed to the Vocational Expert (VE) at the hearing, the ALJ concluded plaintiff could perform his past relevant work during the relevant time periods and, in the alternative, could also perform work existing in significant numbers in the national economy during the relevant time periods. AR 675–77.

B. <u>Discussion</u>

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of Social Security benefits if the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Revels v. Berryhill,* 874 F.3d 648, 654 (9th Cir. 2017) (internal citations omitted). Substantial evidence is "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Biestek v. Berryhill,* 139 S. Ct. 1148, 1154 (2019) (internal citations omitted). The Court must consider the administrative record as a whole. *Garrison v. Colvin,* 759 F.3d 995, 1009 (9th Cir. 2014). The Court also must weigh both the evidence that supports and evidence that does not support the ALJ's conclusion. *Id.* The Court may not affirm the decision of the ALJ for a reason upon which the ALJ did not rely. *Id.* Rather, only the reasons identified by the ALJ are considered in the scope of the Court's review. *Id.*

**1.  Medical Evidence**

Plaintiff challenges the ALJ's assessment of the medical opinions of John Coe, DO, and Wayne Hurley, MD. Dkt. 7 at 12–15. This Court previously reversed the ALJ's decision because he failed to adequately assess these same opinions. AR 767–73.

Under the regulations applicable to claims, like plaintiff's, filed on or after March 27, 2017, an ALJ need not "defer or give any specific evidentiary weight . . . to any medical opinion(s) . . . including those from [the claimant's] medical sources." 20 C.F.R. § 404.1520c(a). Rather, the ALJ must explain how they considered the factors of supportability and consistency in evaluating the medical opinions. *Id.* § 404.1520c(a)–(b). "[A]n ALJ cannot reject an examining or treating doctor's opinion as unsupported or

1  inconsistent without providing an explanation supported by substantial evidence."

2  *Woods v. Kijakazi*, 32 F.4th 785, 792 (9th Cir. 2022).

3        In June 2019, consultative examiner Dr. Coe completed a medical opinion based

4  on a physical examination of plaintiff. AR 464–70. He opined plaintiff could stand and

5  walk for less than an hour in an eight-hour workday, could sit for four hours in an eight-

6  hour workday, and that plaintiff "will not be able to keep to a schedule because of the

7  unpredictability of his migraine attacks or of his painful areas of the cervical spine and/or

8  lumbar spine." AR 470. The ALJ found Dr. Coe's opinion unpersuasive. AR 673.

9        State agency consultant Dr. Hurley completed a medical opinion in July 2019. AR

10  86–90. He opined plaintiff could stand and walk for only two hours throughout a

11  workday. AR 88. He opined plaintiff was limited in other respects, but the standing-and-

12  walking limitation was the only limitation opined by Dr. Hurley the ALJ did not accept.

13  *See* AR 672.

14        The ALJ gave similar reasons in discounting the two opinions. The ALJ found Dr.

15  Hurley's opinion was "supported by a detailed explanation" (AR 672) and Dr. Coe's

16  opinion was "supported by an exam" (AR 673). But the ALJ found both opinions were

17  not "consistent with the overall evidence," pointing to plaintiff's activities, work history,

18  and other examination results. AR 672, 673; *see also Woods*, 32 F.4th at 792

19  ("Consistency means the extent to which a medical opinion is consistent with the

20  evidence from other medical sources and nonmedical sources in the claim.").

21        The ALJ found the opinions of Drs. Hurley and Coe inconsistent with medical

22  evidence in the record. AR 672, 673. Specifically, the ALJ found the following

23  examination results inconsistent with the medical opinions of Drs. Hurley and Coe:

24

25
                                                4

normal gait; normal strength in upper extremities ability to get on and off exam table without difficulty; intact sensation; no acute distress; normocephalic and atraumatic head examination; no evidence of tenderness; intact cranial nerves; intact finger-to-nose testing and rapid alternating movements; and no evidence of language difficulties. *See* AR 672, 673.

This Court previously considered whether similar examination results from the examinations of plaintiff performed by Drs. Hurley and Coe were inconsistent with their opinions. *See* AR 768–70. The Court found that such a finding was not supported by substantial evidence:

> Dr. Coe based the opined limitations on a combination of plaintiff's spinal pain, migraines and vertigo. Dr. Hurley attributed plaintiff's postural limitations to vertigo and migraines. The fact that plaintiff exhibited normal motor movements, sensory, reflex, gait, station and movement, does not contradict limitations based on migraines or vertigo. Similarly, a normal cervical spine examination does not contradict a finding of lumbar spine pain, migraines or vertigo. Further, Dr. Coe noted that plaintiff's migraine attacks were unpredictable. AR 470. Accordingly, the fact that plaintiff was able to stand and walk during the medical examination – while plaintiff was not having a migraine attack – does not contradict an opinion that plaintiff would have difficulty during a migraine attack.

AR 769. For the same reasons, results of other examinations finding normal gait, sensation, strength, reflexes, and movement, as well as an ability to get on and off the exam table without difficulty, are not inconsistent with opined limitations based on migraines, vertigo, and pain.

The remaining medical evidence identified by the ALJ is not inconsistent with the medical opinions of Drs. Hurley and Coe -- for similar reasons. The ALJ did not explain why the absence of acute distress, head trauma, or nerve damage was inconsistent with opined limitations based on plaintiff's migraines or other impairments. *See Ferguson v. O'Malley*, 95 F.4th 1194, 1200–01 (9th Cir. 2024) (finding error in

discounting testimony about headache symptoms based on lack of neurological defects where "the ALJ did not identify any evidence indicating that [the claimant] cannot experience severe and frequent headaches in the absence of neurological defects"). Findings of no acute distress, normocephalic and atraumatic head, and intact cranial nerves might rule out the possibility that certain other conditions—like a mental impairment or traumatic injury—caused plaintiff's migraines. But the ALJ found plaintiff's migraines were a medically determinable impairment (AR 665), implying that his migraines were primary headaches—that is, ones not caused by other medical conditions. *See* SSR 19-4p ("We will not establish secondary headaches (for example, headache attributed to trauma or injury to the head or neck or to infection) as MDIs because secondary headaches are symptoms of another underlying medical condition."). Similarly, the plaintiff's lack of language difficulties does not establish any inconsistency with the opinions of Drs. Hurley and Coe. Thus, the ALJ erred in finding the opinions inconsistent with the medical record.

The ALJ also noted, with respect to both opinions, that plaintiff "was able to return to work for about a year and that work involved loading cars and driving them to places." AR 672, 673. A conflict between an opinion and a claimant's activities is a legitimate reason for finding an opinion unpersuasive. *See Ford v. Saul*, 950 F.3d 1141, 1155 (9th Cir. 2020); *see also Stiffler v. O'Malley*, No. 22-55906, --- F.4th --- at *4–5, 2024 WL 2715884 (9th Cir. 2024).

Here, however, the record does not allow the Court to discern how plaintiff's employment was inconsistent with the opined limitations. Plaintiff did not testify, in describing his position loading cars, as to how much time he spent walking or standing

1   (*see* AR 735–37), so the extent to which his performance was inconsistent with

2   limitations in standing or walking is unclear. Moreover, plaintiff testified he left the

3   position because of his impairments. AR 723–24.

4          "It does not follow from the fact that a claimant tried to work for a short period of

5   time and, because of his impairments, *failed,* that he did not then experience pain and

6   limitations severe enough to preclude him from *maintaining* substantial gainful

7   employment." *Lingenfelter v. Astrue*, 504 F.3d 1028, 1038 (9th Cir. 2007) (emphasis

8   added). And the period in which plaintiff performed this position was outside the relevant

9   period, as the ALJ found the position qualified as substantial gainful activity (AR 665),

10  showing that "the work attempt provides even less support" for a finding that plaintiff's

11  symptoms were not limiting during the relevant period. *Lingenfelter*, 504 F.3d at 1039.

12         The ALJ also discounted Dr. Coe's opinion that plaintiff would have limitations in

13  his ability to keep to a regular schedule – based on other activities that plaintiff was able

14  to do—dressing, bathing, shaving, and feeding himself; shopping; laundry and

15  vacuuming; spending time with his nieces; playing videogames; watching television and

16  movies; and writing. AR 674. Although at least some of these activities were done on a

17  regular basis, *see e.g.*, AR 270 (plaintiff indicating he vacuums daily), plaintiff indicated

18  that he was unable to complete his household chores when affected by migraines, *see*

19  AR 276 (indicating headaches prevent him from cooking and cleaning), and therefore

20  such activities do not demonstrate that plaintiff is less limited in his ability to maintain a

21  schedule than opined by Dr. Coe, *cf. Stiffler*, --- F.4th __, 2024 WL 2715884 at *5.

22         In sum, the ALJ erred in discounting Drs. Coe and Hurley's opinions. If the errors

23  of the ALJ result in a RFC that does not include relevant work-related limitations, the

24

25
                                              7

RFC is deficient and the error is not harmless. *See Carmickle v. Comm'r., Soc. Sec. Admin.,* 533 F.3d 1155, 1160 (9th Cir. 2008); *Embrey v. Bowen,* 849 F.2d 418, 422-423 (9th Cir. 1988). Here, the ALJ found plaintiff capable of standing and walking for six hours in a workday (AR 669), while Drs. Coe and Hurley opined plaintiff had greater limitations in these abilities (AR 86–90, 470). Thus, the error is not harmless and requires reversal.

### 2.  Plaintiff's statements regarding subjective symptoms

Plaintiff argues the ALJ erred in assessing his subjective symptom testimony. Dkt. 7 at 3–13. Plaintiff testified that, beginning in 2018, he had headaches approximately three times a week which would oftentimes result in dizziness, eye pain, and nausea, prohibiting exertion and making concentration difficult. AR 55–57. He indicated in a headache questionnaire that his headaches were triggered by exercising, sunlight, and stress. AR 276–77. He testified in the 2023 hearing that he was unable to walk more than 25 minutes or lift more than 20–30 pounds at once without triggering further migraines. AR 707–10.

The ALJ found that plaintiff presented evidence of an underlying impairment which could be expected to produce the alleged symptoms. AR 670. In such a circumstance, "the ALJ can reject [plaintiff's] testimony about the severity of his symptoms only by offering specific, clear, and convincing reasons," unless there is evidence of malingering. *Garrison*, 759 F.3d at 1014–15 (citing *Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir. 1996)).

The ALJ discounted plaintiff's testimony for several reasons. The ALJ found that plaintiff's symptoms had been effectively controlled with medication and treatment. AR

670, 671. Symptoms that can be controlled through treatment and medication "are not disabling." *See Warre v. Comm'r*, 439 F.3d 1001, 1006 (9th Cir. 2006); *see also Wellington v. Berryhill*, 878 F.3d, 867, 876 (9th Cir. 2017). But "some improvement" in a person's symptoms "does not mean that the person's impairments no longer seriously affect [his] ability to function in a workplace." *See Holohan v. Massanari*, 246 F.3d 1195, 1205 (9th Cir. 2001).

Here, the ALJ described medical evidence suggesting plaintiff's symptoms had improved at times with treatment, but failed to make a finding that treatment had been so effective that plaintiff's impairments were no longer limiting in the manner plaintiff testified they were. This was error. *See Brown-Hunter v. Colvin*, 804 F.3d 487, 494 (9th Cir. 2015) (where an ALJ "simply stated her non-credibility conclusion and then summarized the medical evidence supporting her RFC determination," "[t]his is not the sort of explanation of the kind of 'specific reasons' we must have in order to review the ALJ's decision meaningfully").

If the Court were to interpret the ALJ's decision as finding that plaintiff's symptoms were controlled throughout the relevant period, then such a finding was not supported by substantial evidence. The ALJ pointed to several pieces of evidence in discussing plaintiff's response to treatment. The ALJ pointed out that, at an emergency room visit, plaintiff's nausea was temporarily resolved by the use of medication. AR 670 (citing AR 375). The ALJ pointed to two notes from physical therapy sessions in July and October 2018 indicating plaintiff's migraines were controlled. AR 670 (citing AR 413, 421).

1    But the ALJ's decision also acknowledged, plaintiff reported an increase in his

2    headaches' severity and frequency in early 2019, with symptoms of nausea and

3    dizziness. AR 480. Finally, in January 2020, plaintiff underwent occipital nerve blocks,

4    which "help[ed] [to] control his headaches." AR 652. Plaintiff testified these measures

5    were effective for some time, but that his migraine symptoms returned while performing

6    work in late 2021. AR 719–23. The ALJ did not identify any evidence contrary to this

7    testimony. *See* AR 670–71. At best, this evidence shows plaintiff's impairments were

8    controlled for some part of the period preceding his period of substantial gainful activity.

9    It does not show his impairments were controlled for the entirety of the relevant period.

10    The remaining reasons given by the ALJ for discounting plaintiff's testimony were

11    similar to the reasons he gave for discounting the opinions of Drs. Hurley and Coe. *See*

12    AR 670–71. The ALJ discounted plaintiff's testimony because it was inconsistent with

13    the same medical evidence he identified in discussing those opinions—evidence that

14    plaintiff had normal gait, normal strength, normal sensation, could get on and off an

15    examination table, and normal neurologic conditions. *See id.*

16     As discussed above, such evidence is not inconsistent with plaintiff's testimony

17    that he had limitations caused by his migraines, and therefore, such evidence is not a

18    valid reason to discount a claimant's testimony. *See Ferguson*, 95 F.4th at 1200 ("the

19    ALJ must provide specific, clear, and convincing reasons which explain why the medical

20    evidence is *inconsistent* with the claimant's subjective symptom testimony") (citing

21    *Lingenfelter*, 504 F.3d at 1035–38, 1040). The ALJ also noted that imaging of plaintiff's

22    spine and neck produced "mild" results (AR 671), but this does not necessarily mean

23    plaintiff experienced only mild pain from his impairments, *see Trevizo v. Berryhill*, 871

24

25

F.3d 664, 676–77 (ALJ's "reliance on the mildness" of a claimant's impairment was error).

The ALJ also discounted plaintiff's testimony based on his activities of daily living and work activities. AR 670–71. An ALJ may discount a claimant's testimony based on daily activities that either contradict their testimony or that meet the threshold for transferable work skills. *Orn v. Astrue*, 495 F.3d 625, 639 (9th Cir. 2007). As discussed, plaintiff's work experience was not necessarily inconsistent with his testimony, as it occurred during a period in which he was not entitled to benefits and ended because of his impairments. *See Lingenfelter*, 504 F.3d at 1038–40. And the ALJ failed to explain, nor can the Court discern, how the activities he identified—doing laundry, vacuuming, shopping, traveling by airplane, watching television, writing, playing videogames, and reading maps (AR 672)—are inconsistent with plaintiff's testimony about his limitations with respect to standing and walking. Indeed, plaintiff indicated he had difficulties with chores that required him to stand or walk due to his pain and vertigo, and that he oftentimes did not complete activities of daily living when suffering from migraines. *See* AR 269–71.

In sum, the ALJ failed to give specific, clear, and convincing reasons for discounting plaintiff's subjective testimony. Because plaintiff's testimony suggests he is further limited in his abilities to stand, walk, and concentrate at work than the RFC reflects, this error was not harmless and requires reversal. *See Carmickle*, 533 F.3d at 1160.

11

3.  **Whether the Court should reverse with a direction to award benefits.**

Plaintiff requests that the Court remand the case with directions to award

benefits. Dkt. 9 at 15–18. "'The decision whether to remand a case for additional

evidence, or simply to award benefits . . . is within the discretion of the court.'" *Trevizo v.*

*Berryhill*, 871 F.3d 664, 682 (9th Cir. 2017) (quoting *Sprague v. Bowen*, 812 F.2d 1226,

1232 (9th Cir. 1987)). The Court "generally remand[s] for an award of benefits only in

'rare circumstances.'" *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1100

(9th Cir. 2014) (quoting *Moisa v. Barnhart*, 367 F.3d 882, 886 (9th Cir. 2004)).

A remand for award of benefits is proper only if:

> (1) the record has been fully developed and further administrative proceedings
> would serve no useful purpose; (2) the ALJ has failed to provide
> legally sufficient reasons for rejecting evidence, whether claimant testimony or
> medical opinion; and (3) if the improperly discredited evidence were credited as
> true, the ALJ would be required to find the claimant disabled on remand.

*Trevizo*, 871 F.3d at 682–83 (quoting *Garrison*, 759 F.3d at 1020). Even if each element

is satisfied, the Court retains discretion to remand for further proceedings. *See Leon v.*

*Berryhill*, 880 F.3d 1041, 1045 (9th Cir. 2017). The Court should "remand for further

proceedings when . . . an evaluation of the record as a whole creates serious doubt that

a claimant is, in fact, disabled." *Garrison*, 759 F.3d at 1021. "If additional proceedings

can remedy defects in the original administrative proceeding, a social security case

should be remanded for further proceedings." *Trevizo*, 871 F.3d at 682 (cleaned up).

The Court has found that the second element of the credit-as-true test is

satisfied—the ALJ failed to provide legally sufficient reasons for rejecting plaintiff's

subjective testimony and the medical opinions of Drs. Hurley and Coe. However, the

Court finds that there are ambiguities in the record for which further proceedings would

1  serve the useful purpose of allowing the ALJ to resolve. In particular, given the

2  expansive period of alleged disability in this case, there remain ambiguities regarding

3  plaintiff's date of disability onset. *See Dominguez v. Colvin*, 808 F.3d 403, 409–10 (9th

4  Cir. 2015) (as amended) ("When further proceedings are necessary to determine the

5  onset date, it is appropriate to remand for those proceedings."). Plaintiff's testimony

6  confirmed he experienced some improvements prior to returning to work, but that his

7  condition worsened after that point. *See* AR 719–23.

8          Additionally, even if credited as true, it is not clear from the record that the

9  standing and walking limitations opined by Dr. Hurley and suggested by plaintiff's

10 testimony would result in plaintiff being found disabled, given that the ALJ found plaintiff

11 capable of performing sedentary work, and those limitations are not necessarily

12 inconsistent with sedentary work. *See* SSR 85-10 (sedentary work involves sitting and

13 standing no more than two hours of an eight-hour workday); AR 677 (ALJ finding

14 plaintiff capable of sedentary work existing in significant numbers in the national

15 economy); AR 707–08 (plaintiff testifying he could only walk for 25 minutes at a time);

16 AR 86–90 (Dr. Hurley opining plaintiff could stand and walk for two hours throughout

17 workday).

18         Although Dr. Coe opined plaintiff would be further limited in his walking and

19 standing abilities (AR 470), the ALJ would not necessarily be required to credit this

20 opinion on remand, given the contrary opinion of Dr. Hurley, *see* 20 C.F.R. §

21 416.920c(a) (new regulations do not require ALJ to defer or give weight to treating or

22 examining physicians); *Woods*, 32 F.4th at 791 (recognizing that the revised regulations

23 stemmed, in part, from disagreement with Ninth Circuit practice of crediting-as-true

24

25

treating and examining physicians' opinions and consequently awarding benefits based on the presumptive weight given to those opinions).

For the same reason, the ALJ would not be required to credit Dr. Coe's opinion that plaintiff would be unable to keep a schedule, as there are contrary medical opinions in the record. *See* AR 91 (Steven Haney, MD, opining plaintiff has no limitations in his ability to "perform activities within a schedule, maintain regular attendance, and be punctual within customary tolerances").

CONCLUSION

Based on the foregoing discussion, the Court concludes the ALJ improperly determined plaintiff to be not disabled. Therefore, the ALJ's decision is reversed and remanded for further administrative proceedings, including a *de novo* hearing in which plaintiff shall be given the opportunity to present additional evidence.

Dated this 3rd day of June, 2024.

Theresa L. Fricke
United States Magistrate Judge